IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

NIKIA BRANHAM,                          :

       Plaintiff,

    v.                                      :

MIAMI VALLEY HOSPITAL/
PREMIER HEALTH NETWORK,

       Defendant.                          :

Case No. 3:24-CV-301

JUDGE WALTER H. RICE

---

## DECISION AND ENTRY OVERRULING PLAINTIFF'S MOTION FOR SUPPORTING EVIDENCE TO REFUTE PLAINTIFF'S CLAIMS WITH DATES AND TIMES (DOC. #16)

---

This case is before the Court on a Motion for Supporting Evidence to Refute

Plaintiff's Claims with Dates and Times. (Doc. #16). In this motion, Plaintiff seeks

relief in four forms:

1. Take judicial notice of the facts outlined in the pleadings and supporting documentation.
2. Deem the Plaintiff's allegations of discrimination and retaliation sufficiently pleaded to survive any motion to dismiss under Rule 12(b)(6).
3. Order that all relevant documentation, communications, and internal reviews referenced herein be preserved and produced for discovery.
4. Grant such other and further relief as the Court deems just and proper.

Doc. #16, PageID #140.

Judicial notice is governed by Federal Rule of Evidence 201 and permits judicial notice of facts "not subject to reasonable dispute." Fed. R. Evid. 201(b). Plaintiff's request for the Court to take judicial notice of "the facts outlined in the pleadings and supporting documentation" seeks to apply judicial notice to items that are actually in dispute between the parties. This would be an improper application of judicial notice and the Court declines to grant this relief.

Plaintiff's second request for relief, that the Court deem Plaintiff's allegations as sufficient under Fed. R. Civ. P. 12(b)(6) seeks an advisory opinion on a motion not filed before the Court. This, of course, is not permitted under the U.S. Constitution. U.S. Const. art. III, § 2; *Arnett v. Myers*, 281 F.3d 552, 562 (6th Cir. 2002). As a result, the Court cannot grant this relief.

As to Plaintiff's third request for relief, under the local rules, parties are instructed that:

> Objections, motions, applications, and requests relating to discovery shall not be filed in this Court under any provision in Fed. R. Civ. P. 26 or 37 unless the parties have first exhausted among themselves all extrajudicial means for resolving their differences. After extrajudicial means for the resolution of differences about discovery have been exhausted, in lieu of immediately filing a motion under Fed. R. Civ. P. 26 or 37, any party may first seek an informal telephone conference with the Judge assigned to supervise discovery in the case.

S.D. Ohio Civ. R. 37.1. Plaintiff has not explained what steps she has taken to attempt to work with Defendants on the discovery issues she now presents to the Court. If Plaintiff seeks intervention by this Court on discovery matters, she is

required to show that she followed the local rules and attempted to work through all options short of judicial remedies. Because Plaintiff fails to establish her entitlement to this relief at this time, her request is denied.

Finally, the Court does not see the need for any other relief at this time. As a result, Plaintiff's motion for Supporting Evidence to Refute Plaintiff's Claims with Dates and Times, Doc. #16, is OVERRULED.

Date: September 30, 2025

Walter H. Rice

_____

WALTER H. RICE
UNITED STATES DISTRICT JUDGE