IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

NIKIA BRANHAM,                          :

      Plaintiff,

    v.                                  :       Case No. 3:24-CV-301

MIAMI VALLEY HOSPITAL/                           JUDGE WALTER H. RICE
PREMIER HEALTH NETWORK,

      Defendant.               :

---

DECISION AND ENTRY OVERRULING PLAINTIFF'S MOTION FOR JURY TRIAL
UNDER FED R. CIV. P. 39(B) (DOC. #41)

---

This case is before the Court on Plaintiff Nikia Branham's ("Plaintiff's")
Motion for Jury Trial under Fed. R. Civ. P. 39(b). Doc. #41. Defendant Miami Valley
Hospital/Premier Health Network ("Defendant") filed a response in opposition to
the motion, Doc. #50, and Plaintiff did not file a reply in support of her motion. As
the time permitted for such a filing has elapsed, the reply memorandum is
considered waived.

Plaintiff's initial Complaint was docketed on February 11, 2025. Doc. #3. In the
initial Complaint, brought under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §
2000e *et seq.*, Plaintiff specifically opted against a jury trial. Doc. #3, PageID #22.
She later sought to amend her Complaint, adding both a claim under 42 U.S.C. §
1981 and a jury demand. Doc. #24. The Court permitted her to add the new claim

but barred her jury demand. Doc. #29. Because the text setting forth her barred jury demand was printed on her Amended Complaint, it was docketed nonetheless, although the Court clarified in response to Defendants' motion that the demand was not applicable and that the case would be tried before the bench. Doc. #34.

Plaintiff's latest motion for jury trial claims that newly discovered evidence of malice and retaliation provides adequate justification for the Court to exercise its discretion and grant a jury trial under Fed. R. Civ. P. 39(b). Doc. #41. Plaintiff also claims that her motion should be sustained because: (1) a jury is better suited to determine credibility of witness testimony; (2) Defendant will not suffer prejudice; and (3) because Defendant's opposition to a jury trial is a tactical decision made in conjunction with discovery productions.

"A district court has broad discretion in ruling on a Rule 39(b) motion." *Kitchen v. Chippewa Valley Schools*, 825 F.2d 1004, 1013 (6th Cir. 1987). In short, none of the reasons Plaintiff provides justify granting a jury trial, especially when she expressly waived such an option at the outset of the case. To begin, she makes much of a nine-page document production, alleging that the new evidence is of such substantial importance and weight to necessitate a different course of action. The Court rejects that argument in this case. Although there may be some evidentiary value to Plaintiff's case, the Court sees no reason why a fairly ordinary

production of nine pages should permit Plaintiff yet another opportunity to reconsider her own decision to waive a jury.

Plaintiff's argument that a jury is more aptly situated to weigh credibility also misses its mark. She provides no rationale why a jury is better equipped to do so than the Court would be, when it sits as factfinder. Although she likely is correct that Defendant's unwillingness to consent to a jury trial is a tactical decision, she does not explain why that is impermissible. During this case, the Court expects that both parties will make tactical decisions regarding whether and how to argue motions, what evidence to produce at trial, and on a whole host of other issues. Frankly, this is expected. Indeed, Plaintiff's filing, attempting to transform this case into a jury trial, is a tactical decision. That does not bar such a filing. Instead, the Court weighs her motion against the law and the facts of this case and decides the issue.

In its response, Defendant also discusses the prejudice it would face due to the fact that it has spent the last 18 months preparing for a bench trial. Doc. 50, PageID #622. "The burden placed on a party forced to change its strategy in order to accommodate a jury trial has been held to be enough to justify the denial of a Rule 39(b) motion." *Kitchen*, 825 F.2d at 1013 (citing *United States v. Unum, Inc.*, 658 F.2d 300, 303 (5th Cir. Unit A 1981)). Plaintiff initially waived her right to a jury trial. Doc. #3. When she moved to amend her complaint, the Court rejected her

3

attempt to add a jury demand. Doc. #29. The Court now rejects her renewed attempt to add such a demand.

Plaintiff's Motion for Jury Trial under Fed. R. Civ. P. 39(b) is OVERRULED.

Date: June 23, 2026

_Walter H. Rice_

WALTER H. RICE
UNITED STATES DISTRICT JUDGE

4