UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

NIKIA J. BRANHAM,

Plaintiff,

Case No. 3:24-cv-301

vs.

MIAMI VALLEY HOSPITAL/
PREMIER HEALTH NETWORK,

District Judge Michael J. Newman
Magistrate Judge Caroline H. Gentry

Defendant.

---

**ORDER REQUIRING PLAINTIFF TO SHOW CAUSE WHY THIS CASE SHOULD NOT BE DISMISSED FOR FAILURE TO COMPLY WITH THE COURT'S STANDING ORDER REGARDING THE USE OF ARTIFICAL INTELLIGENCE**

---

This civil case is before the Court following what appears to be *pro se*[1] Plaintiff's use of Artificial Intelligence ("AI") in the preparation of her "omnibus reply." *See* Doc. No. 51. Specifically, Plaintiff cites a case—purportedly out of the Northern District of Ohio—"*Noble v. Enova Int'l, Inc.*, 324 F.R.D. 182, 185 (N.D. Ohio 2018)." *Id.* at PageID 635. A search for the case name alone on Google and legal databases returns no matching results. Additionally, pages 182 through 185 of the 324th volume of the Federal Rules Decisions contain a case out of the Western District of Texas, nor the Northern District of Ohio. *See Green Valley Special Util. Dist. v. Walker*, 324 F.R.D. 176, 182–85 (W.D. Tex. 2018). After some investigation and even liberally construing Plaintiff's documents, it appears to the Court that the case cited by Plaintiff does not exist and may have been hallucinated by AI.

The Court has made clear in its Standing Order Governing Civil Cases that the improper

---

[1] As with all *pro se* litigants, Plaintiff's documents and allegations are liberally construed in his favor. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*).

use of AI may result in dismissal of the case. *See* Judge Newman's Standing Order Governing Civil Cases (eff. Aug. 27, 2025)[2] ("No attorney for a party, or a *pro se* party, may use Artificial Intelligence ("AI") in the preparation of any filing submitted to the Court. Parties and their counsel who violate this AI ban may face sanctions including, *inter alia*, striking the pleading from the record, the imposition of economic sanctions or contempt, and dismissal of the lawsuit.").

Accordingly, Plaintiff is **ORDERED TO SHOW CAUSE by November 19, 2026** why this case should not be dismissed for failure to abide by the Court's Standing Order.

**IT IS SO ORDERED.**

November 12, 2026

s/*Michael J. Newman*
Hon. Michael J. Newman
United States District Judge

[2] The Standing Order Governing Civil Cases can be found on the Court's website at https://www.ohsd.uscourts.gov/FPNewman.